# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, | Case No.: 2:18-cr-00328-JAD-NJK |
| Plaintiff | **Order Denying Defendant's Motion for Reconsideration** |
| v. | [ECF No. 33] |
| Edgar Espinoza, | |
| Defendant | |

Defendant Edgar Espinoza pled guilty to one count of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). In its Presentence Investigation Report (PSR), the U.S. Probation Office calculated Espinoza's base-offense level as 20 based on its determination that his prior conviction for Nevada third-degree arson, NRS 20.020, constitutes a crime of violence.[1] Espinoza timely objected to that calculation, arguing that Nevada arson is broader than the generic definition of arson—and thus not categorically a crime of violence—because a defendant can be convicted of Nevada arson as an aider and abettor. I overruled that objection because the relevant guideline's commentary extends the crime-of-violence definition to a conviction resulting from accomplice liability, which is consistent with the fact that aiding and abetting is a theory of criminal liability inherent in all Nevada crimes rather than a separate offense.

Espinoza now ostensibly moves for reconsideration of that decision. But instead of addressing his original argument, Espinoza raises four new, distinct reasons why Nevada's arson statute is overbroad. These arguments should have been raised in his original objection, and

---

[1] PSR at 6; U.S. Sentencing Guidelines Manual § 2K2.1(a)(4)(A) (U.S. Sentencing Comm'n 2018) (setting a base-offense level of 20 if . . . the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense").

merely packaging them in a filing styled as motion for reconsideration does not cure their tardiness.[2]

Even if these new arguments were timely, Espinoza has failed to sufficiently develop them, devoting only a few sentences of cursory analysis to each point for the purpose of "preserv[ing] the record."[3] But, as demonstrated by my order overruling his objection, the categorical approach is complicated, often requiring rigorous and detailed analysis of how state courts and legislatures have treated the predicate crime at issue. Espinoza's issue-spotting, scattershot approach is simply not sufficient to aid the court in analyzing the facets of Nevada's third-degree arson statute that he contends are overbroad. Accordingly,

IT IS HEREBY ORDERED that Espinoza's **motion for reconsideration [ECF No. 33] is DENIED.**

Dated: June 21, 2019

_____
U.S. District Judge Jennifer A. Dorsey

---

[2] *See* Fed. R. Crim. P. 32(f)(1) (requiring a party to object to the PSR "[w]ithin 14 days after receiving" it).

[3] ECF No. 33 at 2.

2